# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3172

_____

United States of America,                    *
                                             *
                         Appellant,          *
                                             *     Appeal from the United States
          v.                                 *     District Court for the Southern
                                             *     District of Iowa.
Mary June Canine, also known as              *
Mary June Pruitt, also known as              *          [UNPUBLISHED]
Mary Fredrickson, also known as              *
Mary Olson,                                  *
                                             *
                         Appellee.           *

_____

Submitted:  March 12, 2002

Filed:  March 19, 2002
_____

Before BYE, FAGG, and BEAM, Circuit Judges.
_____

PER CURIAM.

When Mary June Canine married Richard Canine, she knew of his inheritance from his parents and planned to loot it. On several occasions after their marriage in March 1998, the Canines went together to the estate attorney's office to obtain Richard's distribution checks. Each time, the Canines went directly to the bank, Richard endorsed the check, and the check was deposited into their joint checking account. Between May 1998 and March 2000, the distributions amounted to

$394,735.70. Without Richard's knowledge or consent, Mary June transferred $296,000 into an individual checking account held in her maiden name. She withdrew over $90,000 from the account at Prairie Meadows casino. To dupe Richard, Mary June controlled their finances, hid their checkbook, and retrieved the mail. In the fall of 1999, Mary June told Richard they needed to file for bankruptcy because they had no money left and she had a lot of credit card debt. Richard asked what had happened to all the inheritance money, and Mary June told Richard the money was used to pay taxes and other expenses. When the Canines consulted a bankruptcy attorney, they did not disclose the inheritance distributions deposited into their joint bank account and Mary June did not reveal the existence of her individual account. Later, at the first meeting with creditors, both Richard and Mary June indicated they had not received inheritance money within the last year and did not expect to receive any within the next six months. After discovering Mary June's transfers of the inheritance money, the Government charged her with bankruptcy fraud in violation of 18 U.S.C. § 157. A jury convicted her, but the district court granted judgment of acquittal. The Government appeals, and we reverse.

A district court has very limited latitude when ruling on a motion for judgment of acquittal. United States v. Bennett, 956 F.2d 1476, 1481 (8th Cir. 1992). The district court may not weigh the evidence or assess the credibility of witnesses. Id. The motion should be granted only if, viewing the evidence in the light most favorable to the Government, a reasonable jury must have had a reasonable doubt about the existence of an essential element of the charged crime. Id. To convict Mary June of bankruptcy fraud, the Government had to prove she had devised a scheme to defraud, and to execute or conceal the scheme she filed a bankruptcy petition, filed a document in a bankruptcy proceeding, or made a false or fraudulent representation concerning or in relation to a bankruptcy proceeding. 18 U.S.C. § 157. Without objection from either party, the jury was instructed that to convict Mary June, it would have to find (1) she voluntarily and intentionally devised a scheme to defraud her husband of money or property received by him as an inheritance, (2) to

carry out the scheme to defraud she knowingly failed to disclose a material fact in the Canine bankruptcy proceeding, specifically, "the existence of money or property inherited from Richard Canine's mother's estate," and (3) she made the false or fraudulent representation with the intent to defraud Richard. In the district court's view, there was insufficient evidence to prove the second element because Mary June had no duty to report Richard's inheritance.

We agree with the Government that the district court overlooked Mary June's concealment of her individual bank account into which she diverted most of Richard's inheritance. Mary June never disclosed the account on the bankruptcy schedules, even though they sought information about "[c]hecking, savings, or other financial accounts." Mary June also failed to reveal the existence of the account on the statement of financial affairs, or to the bankruptcy trustee during the creditors' hearing. Mary June argues she did not have to reveal the account because it had no money in it when the bankruptcy petition was filed. We disagree. A Government expert testified the account contained funds when the Canines filed their bankruptcy petition. Besides, by failing to disclose the account, Mary June effectively prevented the bankruptcy trustee (and her husband) from discovering the history of the financial transactions concerning that account. See United States v. Key, 859 F.2d 1257, 1261-62 (7th Cir. 1988) (even if corporations were worthless, failure to disclose ownership interest in them prevented trustee from tracing assets and determining the existence of any fraudulent transfers). Contrary to Mary June's assertion, the jury instruction allowed the jury to consider Mary June's failure to disclose her individual account as the means she used to hide assets held in her name, specifically, Richard's diverted inheritance money. A reasonable jury could find that by hiding her individual account, Mary June knowingly failed to disclose "the existence of money or property inherited from Richard Canine's mother's estate" in the Canine bankruptcy proceeding.

We thus reverse the district court's grant of judgment of acquittal, and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.