# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3023

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| Mary June Canine, also known as | * | District of Iowa. |
| Mary June Pruitt, also known as | * | |
| Mary Fredrickson, also known as | * | [UNPUBLISHED] |
| Mary Olson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 11, 2003

Filed:   February 18, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

On May 16, 2001, a jury convicted Mary June Canine of bankruptcy fraud in violation of 18 U.S.C. § 157. The district court directed Canine to file a written motion for judgment of acquittal and suggested she also consider filing a motion for a new trial. Canine filed a motion for judgment of acquittal and for arrest of judgment on May 23, 2001, but did not file a new trial motion. On August 7, 2001, the district court granted judgment of acquittal because, in the district court's view,

Canine had not violated any duty to disclose inheritance money received by her husband, even though she had taken the money from their joint checking account without his knowledge, placed it into a personal account held in her maiden name, and failed to disclose the personal account. The government appealed. We reversed, holding the jury could have reasonably found that by hiding her personal account into which she had diverted the inheritance money, Canine concealed the existence of money or property inherited from her husband's mother's estate. United States v. Canine, No. 01-3172, 2002 WL 417271 (8th Cir. Mar. 19, 2002). On June 20, 2002, more than a year after her conviction, Canine filed a motion for a new trial on the grounds that the government's argument on appeal varied from the indictment and that our reversal of judgment of acquittal constructively amended the indictment. Canine also filed a motion to continue sentencing. The district court* denied both motions and sentenced Canine to eighteen months in prison. Canine appeals, and we affirm.

Canine asserts the district court should have granted her motion for a new trial. Although a motion for a new trial based on newly discovered evidence may be made within three years of the verdict, a motion based on any other grounds must be made (or an extension must be granted) within seven days of the verdict. Fed. R. Crim. P. 33. Canine did not file her motion for a new trial or seek an extension within seven days of the verdict. Nevertheless, she asserts her motion was timely because our decision reversing judgment of acquittal is newly discovered evidence. Canine asserts this is so because our decision constructively amended the indictment. We disagree.

The indictment charged Canine with making "a false and fraudulent representation concerning and in relation to a [bankruptcy] proceeding . . . in that she

_____

*The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

knowingly and intentionally failed to report funds she and her husband . . . had received as an inheritance from [her husband's] mother's estate." Without objection from either party, the district court instructed the jury that to convict Canine, it must find (1) she voluntarily and intentionally devised a scheme to defraud her husband of money or property received by him as an inheritance, (2) to carry out the scheme to defraud she knowingly failed to disclose a material fact in the Canine bankruptcy proceeding, specifically, "the existence of money or property inherited from [her husband's] mother's estate," and (3) she made the false or fraudulent representation with intent to defraud her husband. In our earlier decision, we rejected the district court's view that there was insufficient evidence to prove the second element. We concluded that "the jury instruction allowed the jury to consider [Canine's] failure to disclose her individual account as the means she used to hide assets held in her name, specifically, Richard's diverted inheritance money," and that "[a] reasonable jury could find that by hiding her individual account, [Canine] knowingly failed to disclose 'the existence of money or property inherited from [her husband's] mother's estate' in the Canine bankruptcy proceeding." Canine, 2002 WL 417271, at * 2. Contrary to Canine's assertion, in reaching our conclusion, we did not alter the essential elements set forth in the indictment. United States v. Begnaud, 783 F.2d 144, 147 n.4 (8th Cir. 1986). Rather than constituting new evidence, our earlier decision was a legal holding that the evidence presented to the jury supported its finding that Canine was guilty of the offense charged in the indictment. See United States v. Christy, 3 F.3d 765, 768-69 (4th Cir. 1993) (legal argument/conclusion not newly discovered evidence). Because Canine's new trial motion was not based on newly discovered evidence, the district court lacked jurisdiction to entertain it. United States v. Bordeaux, 92 F.3d 606, 607 (8th Cir. 1996).

We thus affirm the district court.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.