UNITED STATES of America,
Plaintiff–Appellee,

v.

Sylvester Louis BORDEAUX, also
known as Mano Bordeaux,
Defendant–Appellant.

No. 96–1192.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1996.

Decided Aug. 14, 1996.

Jon C. LaFleur, Rapid City, SD, argued, for appellant.

Karen E. Schreier, U.S. Atty. for the District of South Dakota, argued (Peggy S. Little, Asst. U.S. Atty., on the brief), for appellee.

Before BOWMAN, LAY, and LOKEN, Circuit Judges.

LAY, Circuit Judge.

On April 13, 1995, Sylvester Bordeaux was indicted for the offense of attempted aggravated sexual abuse by force, in violation of 18

---

U.S.C. § 2241(a)(1). At trial, at Bordeaux's request, the district court also instructed the jury on the lesser included offense of abusive sexual contact by force in violation of 18 U.S.C. § 2244(a)(1).

During jury deliberations, the jury submitted several questions to the district court evidencing the difficulty they were having in reaching a unanimous verdict on the charge of attempted aggravated sexual abuse by force. After clarification by the district court, the jury later set forth on the verdict form that "[a]fter all reasonable efforts, we, the jury, were unable to reach a verdict on the charge 'Attempted Aggravated Sexual Abuse[.]'" On June 29, 1995, the jury returned a verdict of guilty on the offense of abusive sexual contact by force. The jury was discharged and sentencing was set for October 23, 1995. The defendant *did not* file a motion for a new trial within the seven-day period allowed by Fed.R.Crim.P. 33. However, the government concedes while pending sentence it notified the trial court that the jury instruction on the lesser included offense failed to include the essential element of force. *See* 18 U.S.C. § 2244(a)(1). The court set a hearing on the matter for October 19, 1995, and, at that hearing, *sua sponte*, granted a new trial on the lesser included offense and apparently declared a mistrial on the attempted aggravated sexual abuse count. This appeal followed.

On appeal, Bordeaux asserts that it would be double jeopardy to retry him on the aggravated sexual abuse count. Relying on *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), Bordeaux argues that a new trial on the charge of attempted aggravated sexual abuse by force would violate his Fifth Amendment double jeopardy rights, since the jury had failed to convict him on that charge, and that such failure operates as an "implied acquittal."

We find it unnecessary to address Bordeaux's claim of double jeopardy. Under Rule 33 of the Federal Rules of Criminal Procedure, the district court lacked the power to order a new trial. The rule provides:

The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. *A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.*

Fed.R.Crim.P. 33 (emphasis added).[1] *See United States v. Beran*, 546 F.2d 1316 (8th Cir.1976), *cert. denied, Beran v. United States*, 430 U.S. 916, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977).

■ Federal Rule of Criminal Procedure 45(b) states that the "court may not extend the time for taking any action under Rules 29, 33, 34, and 35, except to the extent and under the conditions stated in them." In this case, the jury returned a finding of guilty on the charge of abusive sexual contact by force in violation of 18 U.S.C. § 2244(a)(1) on June 29, 1995. After the finding of guilt, Bordeaux had seven days, excluding intermediate Saturdays, Sundays, and legal holidays, to file a motion for a new trial. It is undisputed that he did not do this, thus, we find the district court lacked the power to grant a new trial.[2] *See Smith*, 331 U.S. at 473, 67

1. The Note of the Advisory Committee on Rules is particularly pertinent to the issue we are deciding:

The [1966] amendment[s] to the first two sentences [of Rule 33] make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant. Problems of double jeopardy arise when the court acts on its own motion. See *United*

*States v. Smith*, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947).

2. At the October 19, 1995 hearing to discuss the erroneous jury instruction, the following colloquy occurred:

THE COURT:....
Now, looking at the jury verdict form, and the instructions, of course, I instructed on the lesser included offense under 18 United States

S.Ct. at 1332 (1947) (declining to read Rule 33 as permitting the district court judge to order retrial without request and at any time); *see also Carlisle v. United States,* —— U.S. ——, ——, 116 S.Ct. 1460, 1464, 134 L.Ed.2d 613 (1996) (holding that "[t]here is simply no room in the [Rules] for the granting of an untimely postverdict motion for judgment of acquittal") (citing and quoting *Smith* with approval).

■ Lacking the power to act as it did, the district court's order was void. The defendant's conviction on the lesser included offense must be reinstated. In order to return the case to the district court and maintain the case in the same status it was before the grant of the new trial, we likewise vacate the district court's order granting a mistrial on

the greater offense.[3] The case is, therefore, remanded to the district court for imposition of sentence upon the lesser included conviction.[4]

Reversed and remanded.

---

Code section 2244(a)(1), and the jury hung up on the greater offense of 2241(a)(1). They said after reasonable efforts we, the jury, were unable to reach a verdict on the charge of attempted aggravated sexual abuse. Now, I have no doubt but what if a motion for a new trial were made with this explanation, I would probably grant a motion for [a] new trial. *Counsel for the defendant did not file a motion for [a] new trial,* but I believe that if this case is appealed, that the appellate court would remand for [a] new trial because of the fact that the lesser included instruction permitted a conviction in this case without finding the necessary force or fear, whichever might have been applicable. And because I think it's clear that—I know that the appellate court will be reviewing this case and this problem for plain error because the instruction that was given was not objected to by the defendant who was convicted. So without objection, the plain error rules applies on appeal and not just reversible error, had there been an objection, and I would have given it, then it would have been the lower standard of review. But having said that, I believe that the appellate court would reverse under the plain error rule and if the appellate court reverses, we are back to trying the case, and that the appellate court reasonably would not be ready to rule on this for a few months and it may be a year before this case is retried. In the meantime, the defendant is sitting waiting for what we think will be—what I think will be the inevitable and that is retrial.

So the question this morning is this: first of all, do either of you with to either take issue with or make any comments concerning my assessment of this problem?

MR. MCBRIDE: Government believes you have accurately predicted the outcome, Your Honor.

THE COURT: Okay.

MR. LAFLEUR: The defendant also agrees.

Oct. 19, 1995 Tr. at 9–10 (emphasis added). Even if we were to construe defendant's agreement with the district court as a motion for retrial, it was untimely under the seven-day period of Rule 33.

3. Pursuant to Federal Rules of Criminal Procedure Rule 26.3, "[b]efore ordering a mistrial, the court shall provide an opportunity for the government and for each defendant to comment on the propriety of the order, including whether each party consents or objects to a mistrial, and to suggest any alternatives." Both sides must have an opportunity to place on the record their views about the proposed mistrial order. In particular, the court must give each side an opportunity to state whether it objects or consents to the order.

4. Bordeaux will have the usual time for filing and prosecuting his appeal after sentencing and entry of judgment on that conviction. *See United States v. Vanterpool,* 377 F.2d 32, 36 (2d Cir. 1967). The greater offense of attempted aggravated sexual abuse carries a possible life sentence. The lesser included offense carries a maximum of ten years in prison. In the event that the defendant appeals the lesser included offense and would be successful (and we do not intimate that he would be), whether he could be retried on both counts is a constitutional question we save for another day.