**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                            No. 96-4256

SAMUEL AUGUSTUS STEWART,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellant,</u>

v.                                            No. 96-4328

SAMUEL AUGUSTUS STEWART,
<u>Defendant-Appellee.</u>

Appeals from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James C. Turk, District Judge.
(CR-95-63)

Submitted: January 14, 1997

Decided: March 20, 1997

Before ERVIN and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

No. 96-4256 affirmed and No. 96-4328 reversed and remanded by
unpublished per curiam opinion.

_____

**COUNSEL**

Kerry D. Armentrout, GREEN & O'DONNELL, Harrisonburg, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Kenneth M. Sorenson, Assistant United States Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After a jury trial, Samuel Augustus Stewart was convicted of conspiring to possess with intent to distribute cocaine base, in violation
of 21 U.S.C. § 846 (1994); possessing with intent to distribute cocaine
base, in violation of 21 U.S.C. § 841(a)(1) (1994); and using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (1994). The jury returned its verdict on
November 15, 1995.

On March 13, 1996, Stewart filed a motion for a judgment of acquittal on the firearm charge based on <u>Bailey v. United States</u>,
___
U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7490). On March 15, at the sentencing hearing, the district court granted the motion and entered a judgment of acquittal on the firearm
count. The court then sentenced Stewart on the remaining two counts to 188 months imprisonment and five years supervised release. Stewart now appeals, contending that the court erred in denying his motion
to suppress evidence seized from a backpack that was found in his car. The Government cross-appeals the grant of the post-verdict motion for acquittal.

Police may search a vehicle without a warrant where they have probable cause to believe that the vehicle or a container within it con-

tains contraband or evidence of criminal activity. <u>Pennsylvania v. Labron</u>, ___ U.S. ___, 64 U.S.L.W. 3865 (U.S. July 1, 1996) (Nos. 95-1691; 95-1738) (per curiam); <u>United States v. Ross</u>, 456 U.S. 798, 823-24 (1982). Probable cause to search exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). Probable cause is based on the totality of the circumstances. In the informant context, relevant factors are the informant's reliability, credibility, and basis of knowledge, as well as any police corroboration. <u>Id.</u> at 241-46.

Here, we find the police had probable cause to believe that Stewart's car and his backpack contained contraband. Confidential informant "X" told Officers Carl Voskamp and Michael Donohoe that Stewart had been selling drugs from a rented Nissan Maxima earlier in the day. The informant stated that she had also observed Stewart and his wife selling drugs from both the car and their apartment within the previous three days. Voskamp believed X was credible because she had given him reliable information on several prior occasions. In one instance, information from X had resulted in the arrest and conviction of a drug dealer. In addition, informants "Y" and "Z" corroborated X's story, and Z had previously given information that had resulted in the seizure of cocaine and an arrest. The officers then confirmed that the residents of the apartment matched the names given by X and that the make and model of the car was as X described. We find that the corroborated information gleaned from the informants was sufficient to establish probable cause.

Based on the information received, Donohoe set up surveillance on Stewart's apartment. When Donohoe spotted the Nissan being driven away from the apartment, he followed it and pulled it over. Donohoe ordered Stewart out of the car and placed him in the back of the patrol car. Donohoe then searched the car and seized a backpack from the front passenger side of the car. He unzipped the front of the backpack and seized a plastic bag that contained thirteen smaller bags of crack cocaine. After Stewart was taken to jail for processing, Donohoe searched the backpack more thoroughly and seized a pistol, a black ski mask, books, documents, and digital scales.

Because probable cause existed to search the vehicle, the police could properly conduct a probing search of the backpack found within

3

the vehicle. See Ross, 456 U.S. at 823. Moreover, it was permissible for the backpack to be searched, again without a warrant, after it was removed from the vehicle and taken to the police station. See United States v. Johns, 469 U.S. 478, 486-87 (1985). Therefore, we find that the district court did not err in admitting the evidence seized from Stewart's car. Accordingly, in No. 96-4256, we affirm Stewart's drug trafficking convictions.

Turning to the Government's appeal, Fed. R. Crim. P. 29(c) provides that a defendant may make or renew a judgment of acquittal within seven days after the jury returns a verdict of guilty. District courts do not have jurisdiction to consider an untimely motion for a judgment of acquittal. Carlisle v. United States, ___ U.S. ___, 64 U.S.L.W. 4293, 4298 (U.S. Apr. 29, 1996) (No. 94-9247). Stewart's motion was filed nearly four months after the jury returned its verdict. Thus, the district court lacked power to grant the motion.

Accordingly, the district court's order is void, and thus, Stewart's conviction on the firearm count must be reinstated. See United States v. Bordeaux, 92 F.3d 606, 607-08 (8th Cir. 1996); United States v. Calderon, 86 F.3d 200, 200 (11th Cir. 1996). Therefore, in No. 96-4328, we reverse the district court order granting Stewart's motion for a judgment of acquittal. Because Stewart's sentence on the remaining counts included a two point adjustment for possession of a firearm that is no longer appropriate once the firearm count is reinstated,* we also vacate Stewart's sentence and remand for resentencing consistent with this opinion. On remand, the issues at sentencing should be limited to those arising as a direct consequence of the reinstatement of the firearm conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 96-4256 - AFFIRMED

No. 96-4328 - <u>REVERSED AND REMANDED</u>

_____

*United States Sentencing Commission, <u>Guidelines Manual</u>,
§ 2K2.4(a) (Nov. 1995).