United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1591

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　 *　Appeal from the United States
　　　　　　　　　　　　　　　　　　*　District Court for the Western
Edward Gutierrez,　　　　　　　　 *　District of Missouri.
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　 *

_____

Submitted: September 10, 1997
Filed: November 26, 1997

_____

Before BOWMAN, Circuit Judge, HENLEY,[1] Senior Circuit Judge, and MORRIS
　　　SHEPPARD ARNOLD, Circuit Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

A federal grand jury charged Edward Gutierrez with money laundering and with conspiracy to distribute cocaine and marijuana. After he failed to appear on the first day of trial, he was tried *in absentia* and was found guilty on four of the six counts with which he was charged. His counsel filed a motion for a new trial, claiming that the

_____

[1]Judge Henley died on October 18, 1997. This opinion is consistent with his vote at the panel's conference following oral argument of the case on September 10, 1997.

district court[2] erred in trying Mr. Gutierrez *in absentia*. The motion was denied and Mr. Gutierrez was sentenced (again *in absentia*) to 288 months in prison.

After spending some time in Mexico, the United States, and Germany, Mr. Gutierrez was arrested again. Shortly thereafter, another federal grand jury indicted him for failing to appear at trial. On its own motion, the district court then entered an order vacating and setting aside the original convictions and ordering a new trial because, after Mr. Gutierrez's sentencing, the Supreme Court decided *Crosby v. United States*, 506 U.S. 255, 262 (1993), holding that the plain language of Fed. R. Crim. P. 43(a) "prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial." In response, Mr. Gutierrez moved to dismiss the case solely on the ground that because the court's action in setting aside the convictions was neither at his request nor required to serve the ends of justice, a second trial would violate his Fifth Amendment right not to be put twice in jeopardy. He did not dispute the district court's authority to enter the order *sua sponte*. The court denied the motion.

Before the second trial began, Mr. Gutierrez renewed his motion and the district court denied it again. After Mr. Gutierrez was found guilty on the four original counts and the failure-to-appear count, he made yet another motion for a new trial on the ground that the second trial had put him in double jeopardy. The court denied the motion, noting that whether the order setting aside the first trial was required by "manifest necessity" or not, it was to the benefit of the defendant and thus not in violation of the Fifth Amendment's double jeopardy clause. Mr. Gutierrez never sought an order vacating the order setting aside his first trial, and he did not challenge the district court's authority to do so. He was then sentenced to 324 months in prison.

---

[2]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

Mr. Gutierrez advances two arguments on appeal. The first is that the district court had no authority to vacate his first conviction *sua sponte* and that by doing so, and retrying him, the court placed him twice in jeopardy for the same criminal acts. The second is that, even if the second trial did not amount to double jeopardy, he could not be subjected to a term of confinement longer than that to which the court originally sentenced him.

I.

Mr. Gutierrez did not see fit to challenge the authority of the district court to enter the order vacating his conviction at the time that it was entered or, indeed, at any time before he appealed. Therefore, unless the district court's action is reviewable as plain error, Mr. Gutierrez's failure to object to it will be fatal to his attempt to raise the issue. An argument not raised below cannot be raised on appeal for the first time unless " 'the obvious result would be a plain miscarriage of justice.' " *Davis v. Wyrick*, 766 F.2d 1197, 1204 (8th Cir. 1985), cert. denied, 475 U.S. 1020 (1986), quoting *Kelley v. Crunk*, 713 F.2d 426, 427 (8th Cir. 1983) (per curiam).

We need not, however, scrutinize the court's action for plain error, because Mr. Gutierrez, we believe, waived his right to object to it. The Supreme Court has distinguished between a right that is inadvertently left unasserted and one that is intentionally relinquished or abandoned, noting that the latter constitutes a waiver that extinguishes a claim altogether. *See United States v. Olano*, 507 U.S. 725, 733 (1993). It is clear that at the time that the district court vacated the judgment, Mr. Gutierrez made a calculated decision not to challenge the court's authority to do so. His calculation was based on a strategic choice between the likely outcomes of a second trial, weighted by each outcome's likelihood of occurring, and the certainty of a 24-year sentence. Having made this calculation, Mr. Gutierrez cannot now, faced with a less favorable outcome, expect to escape its consequences.

Mr. Gutierrez cannot successfully argue that his failure to object to the order at the time that it was entered was a mere oversight. His counsel candidly stated at oral argument that "[w]e took the route that we didn't complain -- nor did the government -- about the court's own motion setting the first conviction aside.... We've never made any bones about that, we're stuck with it, we're asking for two bites of the apple." The district court may or may not have had the authority to set aside the initial conviction, but it did have the power to do so. The order, in other words, may or may not have been voidable, but it was certainly not void. Because the parties did not object, the district court's power was effectively, even though perhaps improperly, exercised. "The distinction between forfeiture and waiver brings our plain error analysis to a grinding halt." *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2ᵈ Cir. 1995).

Mr. Gutierrez's double jeopardy argument therefore fails, because it was predicated on the district court's lack of authority to vacate the first conviction *sua sponte*. Furthermore, there is no double jeopardy difficulty if the second trial was for the benefit of the defendant. *See, e.g., United States v. Givens*, 88 F.3d 608, 613 (8ᵗʰ Cir. 1996). Because Mr. Gutierrez made the strategic decision not to object to the vacating of the first judgment, we must assume that he thought that going to trial a second time would be in his interest; certainly it is understandable that he would not wish to seek reinstatement of a 24-year sentence. At the completion of the initial trial, moreover, long before the conviction was vacated, Mr. Gutierrez moved for a new trial on the ground that it was error to try him *in absentia*. Although this motion was denied at the time, we offer the observation that in the end he received exactly what he asked for.

## II.

Mr. Gutierrez also contends that the imposition of a longer sentence after his second trial violates the double jeopardy clause of the Fifth Amendment. But Supreme Court precedent makes it clear that there is no absolute bar to imposing a more severe sentence on reconviction. *See, e.g., North Carolina v. Pearce*, 395 U.S. 711, 719-21 (1969). Although Mr. Gutierrez attempts in his brief to distinguish his case from

*Pearce*, his arguments are unpersuasive. He argues that, because he did not ask the district court to set aside his conviction and sentence, his case does not comport with *Pearce*, which noted that the basis for allowing more severe sentencing on retrial was "that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." *Id*. at 721. But in fact, as we have noted, Mr. Gutierrez did ask for his conviction to be set aside, because, shortly after the initial verdict was handed down, his attorney moved for a new trial on the ground that it was error to try him *in absentia*. While the motion was denied at the time, the eventual new trial was the belated fulfillment of that request.

III.

We therefore affirm the district court's order setting aside the first conviction and the court's subsequent second sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.