# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1384

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Derrick T. Bolden, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 7, 2000
Filed: June 16, 2000

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Derrick T. Bolden pleaded guilty to one count of conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 168 months imprisonment and 5 years supervised release. On appeal, counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and although we granted Bolden permission to file a pro se supplemental brief, he has not done so.

_____

[1]The HONORABLE RUSSELL G. CLARK, United States District Judge for the Western District of Missouri.

Upon careful review of the <u>Anders</u> brief and the record, we reject as meritless the various claims counsel raises, which we address seriatim: (1) assuming Bolden adequately presented a motion to withdraw his guilty plea, he failed to establish "any fair and just reason" for withdrawing his plea, <u>see</u> <u>United States v. Gray</u>, 152 F.3d 816, 819 (8th Cir. 1998) (relevant factors), <u>cert. denied</u>, 525 U.S. 1169 (1999); <u>United States v. Prior</u>, 107 F.3d 654, 657 (8th Cir.) (standard of review), <u>cert. denied.</u>, 522 U.S. 824 (1997); (2) Bolden's guilty plea forecloses his challenge to the denial of his motion to inspect the grand jury minutes, <u>see</u> <u>United States v. Fitzhugh</u>, 78 F.3d 1326, 1330 (8th Cir.), <u>cert. denied</u>, 519 U.S. 902 (1996); (3) the district court did not err in failing to make specific drug quantity findings, because at the sentencing hearing, Bolden stipulated to his Guidelines base offense level, <u>see</u> <u>United States v. Gutierrez</u>, 130 F.3d 330, 332 (8th Cir. 1997); <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995); (4) Bolden's various ineffective-assistance claims should be raised in a collateral proceeding under 28 U.S.C. § 2255, <u>see</u> <u>United States v. Martin</u>, 59 F.3d 767, 771 (8th Cir. 1995); and (5) Bolden has not directed us to any conduct that would amount to prosecutorial misconduct.

Upon further review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issues.

Accordingly, we now grant counsel's motion to withdraw and affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.