# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1003

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| David Paul Gammons, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   September 27, 2002

Filed:   October 2, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
    Judges.

_____

PER CURIAM.

David Paul Gammons pleaded guilty to conspiring to distribute
methamphetamine, distributing methamphetamine, and possessing methamphetamine
with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(C), and
846. The district court[1] sentenced him to a total of 168 months of imprisonment and
5 years of supervised release. On appeal, counsel has filed a brief and moved to

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern
District of Missouri.

withdraw as to all but one issue under <u>Anders v. California</u>, 386 U.S. 738 (1967). Gammons has filed a pro se supplemental brief.

Gammons is foreclosed from raising claims that he should have received a 3-level, rather than a 2-level, acceptance-of-responsibility reduction; that he should have been sentenced based on a smaller amount of methamphetamine; and that he should not have received a 3-level increase for his role in the offense. Gammons withdrew his objections to the presentence report (PSR) on these grounds at sentencing in exchange for the 2-level reduction and a recommendation for a 168-month sentence. <u>See</u> <u>United States v. Gutierrez</u>, 130 F.3d 330, 332 (8th Cir. 1997) (right that is intentionally relinquished extinguishes claim altogether); <u>United States v. Durham</u>, 963 F.2d 185, 187 (8th Cir.) (defendant who voluntarily exposes himself to specific sentence may not challenge that punishment on appeal), <u>cert. denied</u>, 506 U.S. 1023 (1992). In any event, as to the acceptance-of-responsibility claim that counsel believes is meritorious, Gammons did not meet the conditions for the additional reduction because he did not present evidence that his proffer statement was either timely or complete. <u>See</u> U.S.S.G. § 3E1.1(b); <u>United States v. Robinson</u>, 73 F.3d 747, 754 & n.8 (7th Cir. 1996) (district court did not err in denying additional reduction when defendant did not show that she timely demonstrated acceptance of responsibility).

Gammons further argues that for a variety of reasons the district court lacked jurisdiction to sentence him to more than 10 years. His arguments fail because the district court properly adopted the factual findings in the PSR, <u>see</u> <u>United States v. Beatty</u>, 9 F.3d 686, 690 (8th Cir. 1993) (district court may accept as true all factual allegations in PSR not specifically objected to); the district court stated its reasons for imposing the 168-month sentence; and his sentence did not exceed the applicable statutory maximum, <u>see</u> <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 932 (8th Cir.), <u>cert. denied</u>, 531 U.S. 1026 (2000). Gammons's pro se allegation of Federal Rule of Criminal Procedure 11 violations fails, as he was properly informed of the

nature of the charge, and of the applicable statutory maximum and minimum penalty for each count. His ineffective-assistance claims are not properly raised on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, we deny Gammons's motion to supplement the record, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.