# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1026

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Arthur Vesey, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 2004
Filed: January 21, 2005

_____

Before WOLLMAN and HEANEY, Circuit Judges, and HOLMES,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

Arthur Vesey appeals from the district court's[2] denial of his motion for new trial. We affirm.

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

## I.

Vesey originally was charged with four counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). After his first trial resulted in a hung jury, Vesey was retried and was convicted on three counts and acquitted on one count. We reversed that conviction and remanded for a third trial, holding that Vesey had been prejudiced by the district court's denial of a continuance at the second trial. United States v. Vesey, 330 F.3d 1070 (8th Cir. 2003).

Following another mistrial, the government tried Vesey for the fourth time on a single count of distributing more than 5 grams of cocaine base. See 21 U.S.C. § 841(a)(1). At the fourth trial, police informant Susan Zieser-Perkins testified that she purchased 14 rocks of crack cocaine from Vesey in a controlled drug buy on July 31, 2003, in Bever Park in Cedar Rapids, Iowa. Perkins wore a recording device during the controlled buy, and the government introduced a tape recording of the alleged deal to supplement Perkins's testimony. The government also introduced the testimony of Wilson Wade, an inmate who claimed that Vesey had admitted to him that he disposed of both the container in which he transported the drugs to the controlled buy and the sequentially marked bills that Perkins used to buy the drugs. In response, Vesey presented various witnesses who claimed that the testimony of both Perkins and Wade was unreliable. The jury subsequently returned a guilty verdict.

Following the verdict, Vesey moved for a new trial on the ground that the evidence adduced at the fourth trial was insufficient to support the jury's verdict.

## II.

"The decision to grant or deny a motion for a new trial based upon the weight of the evidence is within the sound discretion of the trial court." United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002). In making its decision, the district court

"need not view the evidence in the light most favorable to the government, but may instead weigh the evidence and evaluate for itself the credibility of the witnesses." United States v. Lacey, 219 F.3d 779, 783-84 (8th Cir. 2000). The district court need not grant a motion for a new trial unless the evidence "weighs heavily enough against the verdict that a miscarriage of justice may have occurred." Id. at 783 (citation omitted). We review the district court's denial of a motion for a new trial "with great deference, reversing only if the district court abused its discretion." United States v. Leonos-Marquez, 323 F.3d 679, 682 (8th Cir. 2003) (quoting Jones v. TEK Indus., 319 F.3d 355, 358 (8th Cir. 2003)).

In order to prove that Vesey distributed cocaine base in violation of 21 U.S.C. § 841(a)(1), the government was required to establish that: (1) Vesey distributed cocaine base on or about July 31, 2003; and (2) he did so knowingly and intentionally. See United States v. Johnson, 934 F.2d 936, 939 n.5 (8th Cir. 1991) (elements of distribution of a controlled substance under 21 U.S.C. § 841(a)(1)). The government presented a recording of the dialogue between Perkins and Vesey at the controlled buy. The recording clearly indicates that Vesey gave Perkins what he believed to be twelve or thirteen individual units of drugs in exchange for cash. After the deal was concluded, Perkins returned fourteen rocks of crack cocaine to the police officers with whom she was cooperating. Although neither the sequentially marked bills that Perkins used to pay for the crack cocaine nor the container in which Vesey allegedly transported the drugs to the deal was ever retrieved by police, the recording of the controlled buy and the record as a whole convince us that sufficient evidence existed to support Vesey's conviction. See also United States v. Copple, 827 F.2d 1182, 1187 (8th Cir. 1987) (citing United States v. Coronel-Quintana, 752 F.2d 1284, 1292 (8th Cir. 1985)) (government may prove its case through circumstantial evidence). We are thus satisfied that no miscarriage of justice occurred and that the district court did not abuse its discretion in denying Vesey's motion for a new trial.

The order denying a new trial is affirmed.

_____