# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 05-1323

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *        Appeal from the United States
    v.                                       *        District Court for the
                                             *        Northern District of Iowa.
Mandy Martinson,                             *
                                             *
            Appellant.                       *


_____

Submitted: June 22, 2005
        Filed: August 18, 2005(Corrected: 08/22/05)

_____

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

    A jury found Mandy Martinson ("Martinson") guilty of conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D) and 846; possession with intent to distribute 5 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

At the close of the Government's evidence, Martinson made an oral motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, which the district court[1] denied. Martinson timely filed a renewed, written motion for judgment of acquittal after the jury verdict, which the district court also denied. Martinson based both motions for judgment of acquittal on the Government's alleged failure to establish sufficient evidence to sustain a conviction. At no point did Martinson move for a new trial pursuant to Federal Rule of Criminal Procedure 33.

The district court sentenced Martinson to a 120-month mandatory-minimum sentence for her conspiracy conviction, a concurrent 120-month sentence for her possession-with-intent-to-distribute conviction, and a consecutive 60-month mandatory-minimum sentence for her firearm conviction. Martinson's resulting 180-month sentence was the statutory minimum available to the district court. *See* 18 U.S.C. § 924(c)(1)(A); 21 U.S.C. § 841(b)(1)(A).

On appeal, Martinson, who is represented by different counsel than at her trial, argues that the district court should have granted her a new trial on the basis of insufficient evidence to sustain her convictions despite her failure to move for a new trial before the district court. Martinson also argues that she is entitled to a new trial because the district court used two erroneous verdict forms. We affirm.

## I. MOTION FOR A NEW TRIAL

Martinson admits that while she did file a motion for judgment of acquittal, she did not file a motion for a new trial with the district court. Motions for judgment of acquittal are different motions with different substantive standards than motions for a new trial, and we will not construe the filing of one to preserve for our review

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

claims of error relating to the other. *See United States v. Moran*, 393 F.3d 1, 8-10 (1st Cir. 2004) (refusing to construe a motion for judgment of acquittal as a motion for a new trial). For that reason, we review Martinson's contention that the district court erred in failing to grant her a new trial based on the sufficiency of the evidence for plain error. Fed. R. Crim P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention").

To establish plain error, Martinson bears the burden of establishing that the district court's failure to grant her a new trial sua sponte was "(1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Even if Martinson establishes all three plain-error factors, we may exercise our discretion to notice the forfeited error "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotations and citations omitted).

We need not reach the third and fourth prongs of the plain-error analysis because we hold that the district court committed no error, plain or otherwise, in not granting Martinson a new trial. Regardless of the merits of her claims of insufficient evidence, the district court did not err because it does not have the power under Rule 33 to order a new trial sua sponte. *United States v. Bordeaux*, 92 F.3d 606, 607 (8th Cir. 1996); *see also Carlisle v. United States*, 517 U.S. 416, 431-32 (1996); *United States v. Smith*, 331 U.S. 469, 474-75 (1947) (noting that the ability to grant a new trial sua sponte would raise double jeopardy concerns).

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33; *see also* Fed. R. Crim P. 33 advisory committee notes ("The [1966] amendments to the first two sentences make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a

defendant."). Martinson does not allege newly discovered evidence and admits that she did not file a timely motion for a new trial. *See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty . . . ."). Thus, under the Federal Rules of Criminal Procedure, the district court lacked the power to grant Martinson a new trial because she failed to move for one. Consequently, the district court did not err in not granting Martinson a new trial sua sponte.[2]

In her reply brief, Martinson changes her request for a new trial into a claim of ineffective assistance of trial counsel. Martinson contends that her trial counsel's failure to raise a motion for a new trial was not objectively reasonable and there is a reasonable probability that, but for that error, the district court would have granted her motion for a new trial. *See Strickland v. Washington*, 466 U.S. 668, 688, 691(1984) (stating the constitutional standard for claims of ineffective assistance of counsel); *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005). In particular, Martinson argues that her trial counsel's failure to move for a new trial denied her the opportunity to have the district court independently weigh the evidence because a district court must grant all reasonable inferences to the Government when considering a motion for a judgment of acquittal. *See United States v. Vesey*, 395

---

[2]We note our decision in *United States v. Gutierrez*, 130 F.3d 330, 332 (8th Cir. 1997), which held that we need not consider an objection to the district court's sua sponte order of a new trial where a defendant waived his right to challenge the district court's action. The *Gutierrez* Court, however, states in dicta that the district court does have the "power" to grant a new trial sua sponte. *Id*. at 332. To the extent that the *Gutierrez* decision can be read to conflict with our holding that the district court lacks the power to grant a new trial sua sponte, we believe our holding in this case is the correct statement of law as it follows the plain language of Rule 33, Supreme Court precedent, and our prior decision in *Bordeaux*. Our holding in this case also conforms with the express holdings of other circuits. *See, e.g., United States v. Viayra*, 365 F.3d 790, 794 (9th Cir. 2004); *United States v. Wright*, 363 F.3d 237, 248 (3d Cr. 2004); *Moran*, 393 F.3d at 9.

F.3d 861, 863 (8th Cir. 2005) (noting that when reviewing a motion for a new trial based on the sufficiency of the evidence, a district court may weigh the evidence and evaluate for itself the credibility of witnesses); *United States v. Bennett*, 956 F.2d 1476, 1481 (8th Cir. 1992) (contrasting the district court's discretion in ruling upon motions for a new trial with the district court's obligation to deny a motion for judgment of acquittal unless "the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged").

Martinson's ineffective assistance claim was raised for the first time in her reply brief. We generally "do not consider arguments raised for the first time in a reply brief." *United States v. Griggs*, 71 F.3d 276, 281 (8th Cir. 1995). In addition, we generally do not consider a claim of ineffective assistance of counsel in a direct appeal "unless a miscarriage of justice would result or a full record on the issues in controversy has already been developed." *United States v. Halter*, 411 F.3d 949, 951 (8th Cir. 2005) (per curiam). We see no reasons to deviate from these rules in this case. Therefore, we decline to consider Martinson's ineffective assistance claim.

## II.   VERDICT FORMS

Next, Martinson argues that she is entitled to a new trial because the district court provided the jury erroneous verdict forms for both her conspiracy conviction and her possession-with-intent-to-distribute conviction.[3] We disagree with both of Martinson's claims of error.

---

[3]Martinson raises this argument in the context of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). The *Booker* decision, however, is inapposite because the district court sentenced Martinson to the mandatory-minimum sentence for her convictions. *See United States v. Childs*, 403 F.3d 970, 972 (8th Cir. 2005).

We normally review the district court's choice of verdict forms for abuse of discretion. *United States v. Moore*, 149 F.3d 773, 779 (8th Cir. 1998); *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 574 (8th Cir. 1996). Martinson, however, failed to timely object to the verdict forms used at trial, and, for that reason, we review for plain error. *United States v. Davis*, 237 F.3d 942, 944 (8th Cir. 2001). If we find that the district court's use of either verdict form constituted error that was plain, we reach the third prong of plain error review: whether the verdict forms affected Martinson's substantial rights. *Olano*, 507 U.S. at 734; *United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005). To hold that an erroneous verdict form affected Martinson's substantial rights, we must conclude that the verdict form was prejudicial; that is, we must determine that the error affected the outcome of the district court proceedings. *Olano*, 507 U.S. at 734.

With regard to the verdict form for Martinson's conspiracy conviction, we find no error. Martinson contends that the verdict form contained special interrogatories for quantities of methamphetamine but erroneously failed to contain similar interrogatories for quantities of marijuana. Martinson fails to acknowledge, however, that the form allowed the jury to return a verdict of guilty without any findings of drug quantities as to either marijuana or methamphetamine. Such a verdict could have accurately reflected a jury's conclusion that Martinson was guilty of conspiracy to distribute marijuana but not methamphetamine. In addition, the jury found that Martinson conspired to distribute more than 500 grams of methamphetamine, which compelled Martinson's 120-month statutory mandatory-minimum sentence for the conspiracy charge. Given the jury's verdict, Martinson would not have received a lesser sentence even if the district court had allowed the jury to find a specific quantity of marijuana. Finding no error, we hold Martinson is not entitled to a new trial.

With regard to the verdict form for Martinson's possession-of-methamphetamine charge, she contends that the verdict form was erroneous because

it referenced a charge of "possession of methamphetamine and/or marijuana" but the corresponding count of the indictment only involved methamphetamine. Assuming without deciding that the form contained error that was plain, any error did not affect the outcome of the district court proceeding because the verdict form allowed for, and the jury made, a special finding only with regard to methamphetamine quantity. In doing so, the jury clearly indicated its judgment that Martinson was guilty of possession with intent to distribute methamphetamine, the offense for which she was charged. For that reason, any error on the verdict form does not entitle Martinson to a new trial.

## III.   CONCLUSION

For the reasons stated above, we affirm Martinson's convictions.

_____