# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-2767/3306

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeals from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Joseph Anthony Roberson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 5, 2007
Filed: October 18, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Joseph Anthony Roberson guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the district court[1] sentenced him to 27 months in prison and 3 years of supervised release. We address and reject seriatim all of the arguments Roberson raises in this pro se appeal.

First, the district court's revocation of Roberson's pretrial release became moot once he was convicted. See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam).

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Second, when he claimed that the indictment lacked the signatures of the prosecutor and grand jury foreperson, the court obtained the signed copy and showed it to him. Third, the court did not err in setting Roberson's base offense level because he failed to meet his burden to show that he possessed the firearm solely for lawful sporting purposes or collection. See U.S.S.G. § 2K2.1(b)(2); United States v. Lussier, 423 F.3d 838, 843 (8th Cir. 2005). Fourth, the repeal of 18 U.S.C. § 922(v) does not invalidate his conviction under section 922(g)(1). Fifth, there is no indication in the record that the government lied to the court when it represented, in response to Roberson's pretrial motion for disclosure of a confidential informant, that the informant did not participate in the offense and would not be called to testify at trial.

Sixth, the Speedy Trial Act was not violated because no more than 45 non-excludable days passed before Roberson was tried. See 18 U.S.C. § 3161(c)(1) (70-day speedy trial clock), (h)(1)(F) (excluding time when defendant's motions are pending), and (h)(1)(J) (excluding time when defendant's motions are under submission). Seventh, the Double Jeopardy Clause was not violated when he was twice arrested--as opposed to twice tried or twice punished--for the same offense. Eighth, Roberson's claim for monetary damages for wrongful imprisonment is unavailing because he has not shown that he is wrongfully imprisoned. Ninth, his claim that the jail interfered with his ability to represent himself below does not find adequate support in the record. Last, Roberson's motion for a new trial was untimely because it was not based on newly discovered evidence. See Fed. R. Crim. P. 33(b)(2); United States v. Martinson, 419 F.3d 749, 752 (8th Cir. 2005).

Accordingly, we affirm the judgment of the district court.

_____