**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4720**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENYA PRESTON WILLIAMS, a/k/a Smoke,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, Senior District Judge. (1:19-cr-00029-AJT-1)

Submitted: June 30, 2021                          Decided: July 15, 2021

Before GREGORY, Chief Judge, WILKINSON, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harry A. Dennis, III, DENNIS, STEWART & KRISCHER, PLLC, Arlington, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexander E. Blanchard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandra, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Kenya Preston Williams of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Williams to a total of 276 months of imprisonment and he now appeals. Finding no error, we affirm the district court's judgment.

On appeal, Williams raises several challenges to the testimony of an investigating officer and the physical evidence introduced at trial. Because Williams did not specifically object to the testimony or the physical evidence in the district court, we review his claims for plain error. *United States v. Olano*, 507 U.S. 725, 731 (1993) ("No procedural principle is more familiar . . . than that a constitutional right . . . may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." (internal quotation marks omitted)). "To show plain error, [Williams] must show (1) that the court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights." *United States v. Muslim*, 944 F.3d 154, 163 (4th Cir. 2019) (internal quotation marks omitted). Even if Williams can meet this test, we "retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Williams first argues that the investigator failed to meaningfully investigate another potential suspect, and thus his testimony regarding his identification of Williams as the perpetrator was flawed and unduly prejudicial. He therefore asserts that the district court should have excluded the testimony pursuant to Fed. R. Evid. 403. That rule does, indeed, permit a district court to "exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. However, "when considering whether evidence is unfairly prejudicial, damage to a defendant's case is not a basis for excluding probative evidence because evidence that is highly probative invariably will be prejudicial to the defense." *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) (internal quotation marks omitted). "Instead, unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* (internal quotation marks, brackets, and emphasis omitted). Thus, under Rule 403, relevant evidence is inadmissible only where "there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) (internal quotation marks omitted).

The testimony regarding the identification of Williams on surveillance footage from the robberies was relevant and probative to whether Williams committed the charged robberies. Furthermore, Williams does not explain how the identification excited the emotions of the jury and caused them to convict Williams on a "ground different from proof specific to the offense charged," especially given that the Government presented

overwhelming evidence from which the jury could determine Williams' guilt. *Tillmon*, 954 F.3d at 643 (internal quotation marks and emphasis omitted). Accordingly, the testimony, while certainly prejudicial in that it was incriminating, was not *unfairly* prejudicial. We therefore find that Williams has failed to show the district court plainly erred in permitting the testimony.

Williams next argues that the Government violated its obligation, under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory evidence. Specifically, he asserts that the Government failed to fully investigate another suspect's potential involvement, failed to conduct fingerprint or DNA testing on all the items of physical evidence, and failed to obtain location data from Williams' cell phone. To prevail on a *Brady* claim, a defendant must establish that the evidence at issue was "(1) favorable to the defendant (either because it was exculpatory or impeaching), (2) material to the defense (that is, prejudice must have ensued), and (3) suppressed (that is, within the prosecution's possession but not disclosed to [the] defendant)." *United States v. Young*, 916 F.3d 368, 383 (4th Cir.), *cert. denied*, 140 S. Ct. 113 (2019).

Even if the Government had failed to adequately investigate and disclose fingerprint and DNA evidence, location data, and evidence related to another potential suspect, Williams has failed to demonstrate that evidence is "clearly exculpatory." *Stockton v. Murray*, 41 F.3d 920, 927 (4th Cir. 1994). Moreover, given that the exculpatory value of the evidence at issue is speculative and the Government presented substantial evidence implicating Williams, Williams has failed to show that "there is a reasonable probability that the result of the trial would have been different if the suppressed [evidence] had been

disclosed." *Juniper v. Zook*, 876 F.3d 551, 567 (4th Cir. 2017) (discussing materiality standard under *Brady*) (internal quotation marks omitted). Accordingly, we conclude that he "has failed to establish plain error with respect to his *Brady* claim." *United States v. Catone*, 769 F.3d 866, 872 (4th Cir. 2014).

Williams next argues that the Government's failure to call additional witnesses regarding the other potential suspect's possible involvement in the robberies violated his Sixth Amendment right to obtain witnesses in his favor. The right to compulsory process "is violated when a defendant is arbitrarily deprived of testimony that would have been relevant and material, and vital to the defense." *United States v. Galecki*, 932 F.3d 176, 182 (4th Cir. 2019) (internal quotation marks omitted). But Williams' argument that additional witness testimony would exonerate him is "grounded in speculation, and [Williams] cannot satisfy the materiality requirement with speculative evidence." *United States v. Zhu*, 854 F.3d 247, 255 (4th Cir. 2017). We thus find that the Government's decision not to call additional witnesses did not constitute plain error.

Williams also mentions on appeal that the Government's two-year delay in prosecuting him likely resulted in the loss of relevant evidence. To the extent that Williams' assertions are sufficient to raise an argument that the delay between his initial arrest and indictment was unreasonable, we find his argument unpersuasive. "We conduct a two-pronged inquiry to evaluate a defendant's claim that pre-indictment delay violated his right to due process." *United States v. Uribe-Rios*, 558 F.3d 347, 358 (4th Cir. 2009). First, we examine "whether the defendant has satisfied his burden of proving actual prejudice"; if so, we consider "the government's reasons for the delay, balancing the

prejudice to the defendant with the [g]overnment's justification for delay." *Id.* (internal quotation marks omitted). The defendant bears a "heavy burden" in meeting the first prong because he must demonstrate "actual prejudice, as opposed to mere speculative prejudice, [and] show that any actual prejudice was substantial—that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected." *United States v. Shealey*, 641 F.3d 627, 633-34 (4th Cir. 2011) (internal quotation marks omitted).

Here, Williams' claim of prejudice is merely speculative, as nothing in the record suggests with specificity that additional evidence or an earlier prosecution would exculpate, as opposed to incriminate, Williams. In fact, Williams used the pre-indictment delay to his advantage at trial, arguing that the delay invited reasonable doubt because witnesses could not be certain of their initial identification of Williams as the perpetrator or memories of the events in question. Moreover, prior to his federal indictment, Williams was arrested and incarcerated by District of Columbia authorities, where charges were pending in D.C. court. The Government's decision to defer to that jurisdiction's authority does not plainly violate "fundamental conceptions of justice or the community's sense of fair play and decency," nor indicate that the Government "purposely caused delay to gain tactical advantage." *Uribe-Rios*, 558 F.3d at 358-59 (internal quotation marks omitted).

Finally, Williams asserts that the verdict was against the clear weight of the evidence. However, though Williams filed a Fed. R. Crim. P. 29 motion for acquittal in the district court, he never moved for a new trial on the ground that the verdict was against the weight of the evidence. *See Tibbs v. Florida*, 457 U.S. 31, 42 (1982) (noting that claim

6

of insufficient evidence is distinct from claim that verdict is against the weight of the evidence). Therefore, we review this claim for plain error. *See United States v. Martinson*, 419 F.3d 749, 752 (4th Cir. 2005) (noting moving for judgment of acquittal insufficient to preserve claim for new trial where defendant failed to move for a new trial; reviewing claim for plain error). Because the district court did not have the authority to order a new trial sua sponte, *see Carlisle v. United States*, 517 U.S. 416, 431-32 (1996), the court did not err, plainly or otherwise, by failing to grant Williams a new trial where he failed to request one, *see Martinson*, 419 F.3d at 752.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would aid the decisional process.

*AFFIRMED*