# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2046

_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Kinsey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 13, 2023
Filed: May 18, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

A jury found Ryan Kinsey guilty of theft of government funds, a violation of 18 U.S.C. § 641, and making a false statement to a federal agency, a violation of 18

U.S.C. § 1001(a)(2). Kinsey appeals the district court's[1] denial of his motion for judgment of acquittal, arguing that the evidence was insufficient to prove that he had had the requisite criminal intent to commit the offenses. He also argues that the verdict form undermined the presumption of innocence to which he was entitled. We affirm.

Kinsey became disabled for purposes of the Social Security Administration (SSA) on January 4, 2013, and began receiving disability benefits. As relevant here, he completed two reports in 2018 regarding his continuing disability. When asked whether he had worked since the date of his last medical disability decision, he selected "no." He also indicated that he did not drive, could not count money, and had difficulty getting along with people. The SSA decided to continue Kinsey's benefits because there had been no medical improvement.

Shortly thereafter, the SSA received a fraud referral based on an SSA employee's observations of Kinsey. Under pretenses of investigating possible identity fraud, an investigator interviewed Kinsey in August 2018. Kinsey disclosed that he had been self-employed for seven years and was in the business of buying, selling, and trading horses at auctions in several states. He also told the investigator that he had recently financed the purchase of land. The investigator discovered ads for horses, hay, and "tractor work" on Facebook and Craigslist that listed Kinsey's phone number as the point of contact and which indicated his willingness to travel.

Kinsey was interviewed regarding his disability benefits in January 2019. He initially confirmed the accuracy of his answers in the 2018 reports. After being confronted with evidence that he had been working, Kinsey admitted that he had worked on his father's ranch in a limited capacity until his father's death in March

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

2017, at which time he took over the ranch as full-time employment. He explained that he had not reported this because he did not consider self-employment "work." The SSA thereafter determined that Kinsey had not been eligible for disability benefits received between March 2017 and January 2019 and that he and his children had been overpaid by $20,530.

Kinsey argues that the government failed to prove that he had knowingly stolen government funds or made false statements. See United States v. Rehak, 589 F.3d 965, 973 (8th Cir. 2009) (government must prove that defendant voluntarily, intentionally, and knowingly stole government funds for conviction under 18 U.S.C. § 641); United States v. McKanry, 628 F.3d 1010, 1018 (8th Cir. 2011) (government must prove that the defendant knowingly and willfully made a statement that he knew to be false for conviction under 18 U.S.C. § 1001(a)(2)). The government presented the 2018 reports in which Kinsey reported that he had not been working. It also presented evidence that Kinsey had carried out ranch work, which he could not have done if his limitations had been as significant as he had reported (e.g., that he did not drive because of his disability). A jury could reasonably disregard Kinsey's asserted reason for these inconsistencies—that he did not believe the word "work" included self-employment—and find that he had knowingly stolen funds from the SSA and knowingly made a false statement to a federal agency. See United States v. Morris, 723 F.3d 934, 939 (8th Cir. 2013) (concluding that a reasonable jury could disregard defendant's claim of a good-faith misinterpretation of SSA's definition of "work" and find that defendant knowingly or intentionally stole SSA funds when defendant reported to SSA that he did not work but represented to state board and an IRS agent that he was a practicing accountant).

Kinsey also argues that the district court abused its discretion by listing "guilty" before "not guilty" on the verdict form. United States v. Martinson, 419 F.3d 749, 753 (8th Cir. 2005) (standard of review). The district court instructed the jury on the presumption of innocence, however, as well as on the government's burden to

prove the elements of the offense beyond a reasonable doubt and on the jury's duty to base its verdict solely on the evidence and the law as set forth in the instructions. Moreover, it instructed the jury that nothing the court said or did was "intended to suggest what [the jury's] verdict should be." Because the instructions taken as a whole fully set forth and explained the government's burden, as well as the presumption of innocence, the district court did not abuse its discretion by rejecting Kinsey's request to amend the verdict form to list "not guilty" first. See United States v. Oaks, 606 F.3d 530, 538 (8th Cir. 2010) ("Jury instructions are adequate if, taken as a whole, they adequately advise the jury of the essential elements of the offenses charged and the burden of proof required of the government." (cleaned up)); see also United States v. Bell, 750 F. App'x 941, 943–44 (11th Cir. 2018) (per curiam) (concluding that listing "guilty" before "not guilty" on verdict form did not improperly instruct jury in light of district court's full instructions).

The judgment is affirmed.

_____