United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2936
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| James William Jenkins, Jr., | * | |
| | * | **[PUBLISHED]** |
| Defendant - Appellant. | * | |

_____

Submitted: January 13, 1998
Filed: April 9, 1998
_____

Before LOKEN and MURPHY, Circuit Judges, and KYLE,* District Judge.
_____

PER CURIAM.

In November 1993, James W. Jenkins was convicted of maintaining a continuing criminal enterprise, cocaine distribution offenses, and money laundering. At sentencing, he was found to be the leader of criminal activity responsible for distributing 21 kilograms of cocaine base and 381 kilograms of cocaine powder, producing a guidelines sentencing range of life in prison, which the district court

---

*The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

imposed. In January 1996, Jenkins filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), relying upon the Sentencing Commission's retroactive amendment of the Drug Quantity Table that reduced to level 38 the highest base offense level that may be assessed for drug quantity. See U.S.S.G. App. C, amend. 505, made retroactive by U.S.S.G. § 1B1.10(c). District Judge D. Brook Bartlett, who had initially sentenced Jenkins, concluded that this amendment reduced his overall base offense level to 42, producing a guidelines sentencing range of 360 months to life in prison. The court therefore set a hearing to consider whether to reduce Jenkins's sentence in light of the factors set forth in 18 U.S.C. § 3553(a).

Prior to the hearing, the matter was reassigned to District Judge Howard F. Sachs. At the hearing, the government presented testimony by a Special Agent of the Internal Revenue Service in opposition to the motion to reduce. At the conclusion of this rather lengthy testimony, counsel for the parties argued their respective positions, and Jenkins addressed the court in support of a reduction in his sentence to 360 months. Judge Sachs then ruled on the motion to reduce, prefacing his oral ruling with the comment, "before taking the bench I had prepared material which I think is essentially sound and I will use it and perhaps have a comment or two here or there. Counsel can have what I have prepared." The court's prepared findings reconfirmed the findings of the first sentencing, adopted the revised presentence report, found that Jenkins was responsible for more than three times the minimum drug quantity qualifying for a thirty-year sentence, and found that Jenkins's criminal activity "has been the principal cause of ruined lives within his family as well as unknown harm in the community." Based upon these and other findings, the court resentenced Jenkins to life in prison.

On appeal, Jenkins argues for the first time that he is entitled to be resentenced before a different judge because Judge Sachs came to the hearing with his mind made up, thereby depriving Jenkins of a fair hearing. This contention is totally without merit. Assuming it has been properly preserved, a claim that a judge must be recused because his judicial actions reflect impermissible bias must clear a very high hurdle:

[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994). Jenkins has not come anywhere near meeting this rigorous standard. Most of the facts relevant to resentencing were in the district court record available to Judge Sachs before the hearing. Reading that record, forming tentative opinions, and preparing tentative written findings and conclusions before the hearing do not exhibit "deep-seated favoritism or antagonism." They reflect diligence, careful preparation, and an efficient approach to managing the court's docket. When Jenkins presented no evidence at the hearing, and the government presented lengthy testimony supporting a sentence at the top of the revised guidelines range, the court, quite predictably, was not persuaded to change its tentative findings and conclusions.

The record fully supports the district court's judgment, and it is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.