# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3093

_____

United States of America,

      Appellee,

v.

Herlindo Ibanez-Teyes, Herlindo
Ibanez-Tellez - true spelling of last
name, also known as Carlos,

      Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [UNPUBLISHED]
\*
\*
\*

_____

Submitted: March 7, 2000
Filed: March 31, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Herlindo Ibanez-Teyes pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and the district court[1] sentenced him to ninety-seven months imprisonment and five years supervised release. On appeal, Ibanez-Teyes argues that the court erred by not

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

compelling the government to file a substantial-assistance downward-departure motion and by not allowing him to withdraw his plea.

Having carefully reviewed the record, we reject Ibanez-Teyes's first argument because he failed to make a substantial threshold showing entitling him to relief. See United States v. Wilkerson, 179 F.3d 1083, 1086 (8th Cir. 1999) (government's discretionary refusal to move for downward departure cannot be challenged unless defendant makes substantial threshold showing that refusal was in bad faith, irrational, or based on unconstitutional motive); Wade v. United States, 504 U.S. 181, 186 (1992) (mere showing that defendant provided substantial assistance, whether standing alone or coupled with generalized allegations of government's improper motive, is insufficient). We do not review Ibanez-Teyes's second argument because, although he initially presented his plea-withdrawal request to the district court, he withdrew it before the court could rule on it. See United States v. Olano, 507 U.S. 725, 733 (1993); United States v. Tulk, 171 F.3d 596, 600 (8th Cir. 1999); United States v. Gutierrez, 130 F.3d 330, 332 (8th Cir. 1997).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.