# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1361

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Northern
　　　　　　　　　　　　　　　　　　*　District of Iowa.
Prince Columbus Wood, Jr., also　　 *
known as Cody Hughes, also known　 *　　　[UNPUBLISHED]
as Paul Broadway,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　*

_____

Submitted:　August 29, 2000

Filed:　September 6, 2000

_____

Before HANSEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Prince Columbus Wood, Jr. pleaded guilty to selling and receiving stolen vehicles, and was sentenced to a term of imprisonment to run consecutively to an unexpired term of imprisonment on an earlier federal sentence.  Counsel filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and Wood filed a pro se supplemental brief.  We affirm.

Wood argues the district court improperly refused to depart downward based on Wood's age and health, and by finding losses in excess of $200,000. We decline to review Wood's arguments, however, because the district court's decision not to depart downward was discretionary, see United States v. Correa, 167 F.3d 414, 417 (8th Cir. 1999), and Wood specifically withdrew his objection to the court's amount-of-loss-finding at sentencing, see United States v. Olano, 507 U.S. 725, 733 (1993); United States v. Tulk, 171 F.3d 596, 600 (8th Cir. 1999); United States v. Gutierrez, 130 F.3d 330, 332 (8th Cir. 1997).

Wood also argues the district court improperly failed to credit proceeds from a forfeiture sale of Wood's property against the loss calculation or the restitution order, and the district court judge was biased because the judge allegedly commutes to chambers in an airplane flown by the Assistant United States Attorney who prosecuted Wood. We note Wood offers no proof in support of his allegation. We also reject these arguments. See United States v. Jenkins, 141 F.3d 850, 852 (8th Cir. 1998) (per curiam) (judicial bias); United States v. Emerson, 128 F.3d 557, 566-67 (7th Cir. 1997) (district court not required to offset restitution with proceeds from forfeiture of defendant's property).

Finally, Wood points to a misstatement in counsel's Anders brief: that Wood's sentence on the stolen property charges will "be followed by" his unexpired term of imprisonment. Counsel's misstatement is irrelevant, however, because the district court correctly described the order of the two prison terms at the sentencing hearing and in its written judgment.

We find no other nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75 (1988), and thus grant counsel's motion to withdraw. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.