# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1836

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| David Rojas-Perez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 21, 2005
Filed: June 8, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

David Rojas-Perez appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Rojas-Perez has filed a pro se supplemental brief arguing that, because the district court enhanced his sentence under U.S.S.G. § 2D1.1(b)(1) (possessing dangerous weapon in connection with drug offense), he was sentenced on charges not

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

contained in the indictment and the sentence violates his Sixth Amendment rights under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). We affirm.

The pro se arguments fail. Although Rojas-Perez initially objected to the sentencing enhancement under section 2D1.1(b)(1), he later withdrew his objection. He is thus foreclosed from raising issues here regarding the section 2D1.1(b)(1) enhancement. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993) (claim relinquished below need not be addressed on appeal); <u>United States v. Tulk</u>, 171 F.3d 596, 600 (8th Cir. 1999) (issue deliberately waived below is not reviewed, even for plain error).

Upon careful review of the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we note that the district court imposed Rojas-Perez's sentence prior to the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). While we now know it was error to apply the federal Sentencing Guidelines in a mandatory fashion, Rojas-Perez has not demonstrated "a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 549-54 (8th Cir. 2005) (en banc) (plain error review when mandatory-Guidelines issue not raised below; plain error review is governed by the four-part test of <u>Olano</u>, 507 U.S. at 732-36). We find no other nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____