# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-3718

—————

United States of America,

      Appellee,

v.

Christopher W. Middaugh,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

—————

Submitted:  September 7, 2005
Filed:  September 22, 2005

—————

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

—————

PER CURIAM.

Christopher Middaugh appeals the sentence the district court[1] imposed following revocation of his probation. Middaugh originally pleaded guilty to possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9), and was sentenced in January 2003 to 5 years probation. In November 2004 the district court revoked Middaugh's probation and sentenced him to 15 months imprisonment and 2 years supervised release, after Middaugh stipulated that he had violated the conditions of his probation.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

On appeal, Middaugh argues that the district court lacked jurisdiction to accept his guilty plea to the underlying firearm offense (as to which he now denies guilt), that the court should have granted his revocation-hearing request for reappointment of counsel, and that defense counsel at both his underlying criminal proceedings and the revocation proceedings were ineffective.

These arguments fail. Middaugh is foreclosed from attacking his firearm conviction in this appeal, see United States v. Simmons, 812 F.2d 561, 563 (9th Cir. 1987) (appeal from probation revocation is not proper avenue for collateral attack on underlying conviction); he waived the reappointment issue by explicitly accepting his present counsel at the revocation hearing, see United States v. Tulk, 171 F.3d 596, 600 (8th Cir. 1999) (issue waived below is not reviewed, even for plain error); and his ineffective-assistance claims are not properly before us, see United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (claims of ineffective assistance of counsel are generally deferred to 28 U.S.C. § 2255 proceedings unless miscarriage of justice would obviously result, or outcome would be inconsistent with substantial justice).

Accordingly, we affirm, and we also grant counsel's motion to withdraw.

_____