# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3266

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Robert Shakir Perry, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 17, 2012
Filed: June 29, 2012

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

This is the second time Robert Perry has appealed a sentence imposed as a result of his conviction on nine felony counts arising out of various drug and firearm offenses. In his first appeal, *United States v. Perry*, 640 F.3d 805 (8th Cir. 2011), Perry challenged the district court's consideration of information Perry disclosed to the Government during a proffer session that increased the applicable advisory sentencing guidelines range. The court calculated a guidelines range of 140 to 175 months' imprisonment and varied downward to 70 months on the counts relating to the drug offenses. *Id.* at 809. It also imposed a 60-month consecutive sentence mandated by 18 U.S.C. § 924(c) on the firearm count, resulting in a total term of

imprisonment of 130 months. *Id.* Relying on U.S.S.G. § 1B1.8, we vacated Perry's sentence and remanded for resentencing because the proffer agreement did not permit the district court to consider the information disclosed in the proffer as part of its calculation of the guidelines range. *Id.* at 812-13. At resentencing, the district court[1] excluded the proffer information, calculated a new advisory guidelines range of 41 to 51 months' imprisonment, and varied upward to 60 months on the drug-related counts, resulting in a term of imprisonment of 120 months when combined with the mandatory 60-month consecutive sentence on the firearm count. Perry again appeals his sentence, arguing that the district court committed procedural error and that the sentence is substantively unreasonable. We affirm.

When reviewing a sentence, we first evaluate whether the district court committed significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). Perry contends that the district court committed procedural error by predetermining the sentence it intended to impose before calculating the applicable guidelines range because, after accepting Perry's urging of a minor role reduction, *see* U.S.S.G. § 3B1.2(b), the court stated, "I don't think [the reduction] changes my analysis about what the ultimate sentence in the case is." It then announced the guidelines range of 41 to 51 months, referenced the 18 U.S.C. § 3553(a) factors and discussed several of them in detail, and imposed an upward variance to 60 months on the drug-related counts. We reject Perry's assertion that the district court erred by coming to court prepared with preliminary conclusions as to the sentence based upon its careful review of the sentencing record. To the contrary, this demonstrated "diligence, careful preparation, and an efficient approach to managing the court's docket." *United States v. Jenkins*, 141 F.3d 850, 852 (8th Cir. 1998) (per curiam) (holding that the sentencing judge's arrival in court with a tentative sentencing decision did not require recusal). Perry has presented no evidence that the district court reached a final conclusion

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

before it calculated the applicable guidelines range and considered the § 3553(a) factors. We find no error in the district court's sentencing procedure.

Perry also contends that the sentence is substantively unreasonable because the district court varied downward at the first sentencing hearing, which he argues is inconsistent with its decision to vary upward at the second sentencing hearing. He argues that this alleged inconsistency "demonstrates that the upward variance was the product of unreasonable weighing decisions." We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Mees*, 640 F.3d 849, 856 (8th Cir. 2011). An abuse of discretion occurs "where the sentencing court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Moore*, 565 F.3d 435, 438 (8th Cir. 2009) (quoting *United States v. Kowal*, 527 F.3d 741, 749 (8th Cir. 2008)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

We reject Perry's argument that the district court's decision to vary upward from the guidelines range at the second hearing was inconsistent with its decision to vary downward at the first hearing. As the district court explained, it considered the guidelines range at the first hearing to be too high and the guidelines range at the second hearing to be too low. Appropriate application of the § 3553(a) factors does not require the court consistently to vary downward from two very different guidelines ranges. Furthermore, "[t]he district court's decision to place greater emphasis in this case on [some] factors . . . than on other § 3553(a) factors that might favor a more lenient sentence is a permissible exercise of the considerable discretion available to a sentencing court under the post-*Booker* regime." *United States v. Ruelas-Mendez*,

556 F.3d 655, 658 (8th Cir. 2009). The district court noted that the sentence was appropriate based on Perry's involvement in cocaine distribution and the fact that this was Perry's third firearm offense. Perry has not shown that the district court clearly erred in weighing the § 3553(a) factors.

The judgment of the district court is affirmed.

_____