# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3489

_____

United States of America

*Plaintiff - Appellee*

v.

Holli Lundahl, also known as Hollie Telford

*Defendant - Appellant*

_____

No. 21-3558

_____

United States of America

*Plaintiff - Appellee*

v.

Holli Lundahl, also known as Hollie Telford

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of South Dakota - Western

_____

Submitted: May 6, 2022
Filed: May 11, 2022
[Unpublished]

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

After a jury found Holli Lundahl guilty of theft of government property, in violation of 18 U.S.C. § 641, and Supplemental Security Income (SSI) benefits fraud, in violation of 42 U.S.C. § 1383a(a)(3)(A), the district court[1] sentenced her to concurrent terms of 18 months in prison, to run consecutively to an undischarged federal sentence entered in the District of Wyoming, to be followed by three years of supervised release. The district court also ordered her to pay $70,110 in restitution.

On appeal, Lundahl requested and was granted leave to proceed pro se, her other motions and requests for relief were denied, and she was advised that her filing in response to this court's show-cause order would be construed as her appellate brief. Following careful review of Lundahl's discernable arguments for reversal, we first conclude that the district court did not abuse its discretion in terminating Lundahl's pro se status before trial based on her disruptive behavior. See Faretta v. California, 422 U.S. 806, 834 n.46 (1975).

In addition, we reject Lundahl's apparent challenge to the sufficiency of the evidence, which showed that she failed to report certain resources and events when she applied for and while she was receiving SSI benefits, and evidence was presented from which the jury could reasonably infer that she knew she was required to do so. See United States v. Nguyen, 829 F.3d 907, 918 (8th Cir. 2016) (standard of review); United States v. Foreman, 588 F.3d 1159, 1163 (8th Cir. 2009) (elements of benefits fraud under § 1383a(a)(3), and theft of government money under § 641).

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, sitting by designation in the District of South Dakota.

We also reject Lundahl's double jeopardy or collateral estoppel argument, because she has not identified a material issue of ultimate fact that has been determined by a valid and final judgment, see Dowling v. United States, 493 U.S. 342, 347 (1990) (recognizing that Double Jeopardy Clause incorporates doctrine of collateral estoppel; when issue of ultimate fact has once been determined by valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit); as well as her arguments concerning the suppression of evidence, portions of which she lacked standing to assert, see Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) (Fourth Amendment rights are personal rights that cannot be raised on behalf of third party). Lundahl's claims involving fabricated evidence and witness tampering appear to be frivolous, and no objection was lodged to the prosecutor's closing remarks.

As for Lundahl's sentence, after consideration of the 18 U.S.C. § 3553(a) factors, the district court imposed a prison term at the top of the advisory sentencing range, and permissibly exercised its discretion to run the sentence consecutively to an undischarged federal sentence. See United States v. Becker, 636 F.3d 402, 408 (8th Cir. 2011). We also conclude that Lundahl's remaining sentencing arguments are unpreserved, see United States v. Bonnell, 932 F.3d 1080, 1082 (8th Cir. 2019) (per curiam) (plain error review absent an objection), and that the record does not reveal an error affecting her substantial rights. See also United States v. Dickerson, 370 F.3d 1330, 1342-43 (11th Cir. 2004) (relevant conduct and restitution in fraud scheme).

The judgment is affirmed.

_____